## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| CONSERV EQUIPMENT LEASING, LLC | ) | |
| | ) | |
| | ) | CASE NO. |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| GA-GRAYSTONE, LLC, and MICHAEL DONALD GRAY | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW Plaintiff, Conserv Equipment Leasing, LLC ("Plaintiff" or "Conserv") and for its Complaint against Defendants GA-Graystone, LLC ("Graystone") and Michael Donald Gray ("Gray") (collectively, Graystone and Gray are referred to herein as "Defendants" or "Obligors"), states as follows:

## JURISDICTION AND VENUE

1.     Plaintiff is a limited liability company organized in the State of Tennessee.

2.     Defendant Gray is a Georgia resident and an individual who may be served with process by serving him at his residence at 2053 Moelle Drive, Marietta, Cobb County, Georgia, 30062. Defendant Gray is subject to the jurisdiction and venue of this Court pursuant to 28 U.S.C. § 1332 and O.C.G.A. § 9-10-93.

1

3.     Defendant Graystone is a Georgia limited liability company which may be served with process through its registered agent, Michael Donald Gray, at 2053 Moelle Drive, Marietta, Cobb County, Georgia, 30062, or wherever he may be found. Defendany Graystone is subject to the jurisdiction and venue of this Court pursuant to 28 U.S.C. § 1332 and O.C.G.A. § 9-10-93.

## GENERAL BACKGROUND FACTS

4.     Defendant Graystone entered into an Equipment Lease Contract (the "Lease") with Plaintiff for lease of certain commercial equipment as more particularly described therein (the "Equipment"), which was personally guaranteed by Defendant Gray pursuant to that certain Guaranty attached to the Lease. A true and correct copy of the Lease and Personal Guaranty is attached hereto as **Exhibit A**.

5.     Plaintiff is the owner of the Equipment.

6.     All documents attached to this Complaint are business records of Plaintiff; prepared, received and/or maintained by Plaintiff in the ordinary course of its business and obtained from Plaintiff's business record filing system.

7.     Defendants defaulted under the Lease and Personal Guaranty because, *inter alia*, they failed timely to pay sums due under the Agreement and Personal Guaranty.

8.     Despite demand, Defendants failed or refused to make the payments required by the Lease and Personal Guaranty.

9.     Pursuant to the Lease and Personal Guaranty, as of July 16, 2019, Defendants are indebted to Plaintiff in the principal amount of $323,400.00 pursuant to the 2% Discount Rate for accelerated rent in the Lease, together with interest accruing thereafter at the rate of 18% per annum. A true and correct copy of the Payment History showing all payments made by the Defendants on the Lease is attached hereto as **Exhibit B**.

10.     The Equipment was repossessed or voluntarily surrendered to Plaintiff.

11.     Plaintiff filed suit against the Defendants for the balance owed on the Lease and Personal Guaranty on October 9, 2019, in that certain case styled as Conserv Equipment Leasing, LLC v. GA-Graystone, LLC and Michael Donald Gray, Superior Court of Cobb County, Case No. 19107418 ("State Court Lawsuit").

12.     On July 27, 2020, Plaintiff sent a strict compliance letter to the Defendants, notifying the Defendants of Plaintiff's intention to require strict compliance with the terms of the Lease and Personal Guaranty. ("Strict Compliance Letter") A true and correct copy of the Strict Compliance Letter is attached hereto as **Exhibit C**.

13.      Despite the Strict Compliance Letter, Defendants have continued to fail and refuse to pay the amounts owed to Plaintiff on the Lease and Personal Guaranty.

14.     On January 27, 2022, Plaintiff dismissed its claims against Defendants

in the State Court Lawsuit without prejudice ("Notice of Dismissal"). A true and correct copy of the Notice of Dismissal is attached hereto as **Exhibit D**.

<u>**COUNT I – ACTION ON A CONTRACT**</u>

15.     The allegations of paragraphs 1 through 11 of this Complaint are incorporated herein by this reference as if set forth fully herein.

16.     Defendants are indebted to Plaintiff on the Lease and Personal Guaranty in the principal amount of $323,400.00, plus accrued interest as of September 15, 2021 in the amount of $118,497.30, together with interest accruing thereafter at the default rate of 18% per annum (the "Default Rate") until paid in full, plus costs.

17.     In addition, Defendants damaged the Equipment while it was in their possession, and failed to repair same, in breach of the Contract.

18.     After Plaintiff took possession of the Equipment, Plaintiff incurred the costs of repairing the damages caused by Defendants to the Equipment in the amount of at least $12,936.48. True and correct copies of the invoices of those repairs are attached hereto as **Exhibit E**.

19.     Defendants have been notified and are hereby re-notified by Plaintiff that Plaintiff intends to enforce the provisions of the Lease and Personal Guaranty relative to the payment of attorneys' fees.  Pursuant to the provisions of the Lease and Personal Guaranty and O.C.G.A. § 13-1-11, Defendants have ten (10) days from

4

the date of service of this Complaint within which to pay the sums due by them under the Lease and Personal Guaranty without also being liable for attorneys' fees. Defendants can avoid the obligation to pay attorneys' fees by paying the sums due by them under the Lease and Personal Guaranty within ten (10) days after receiving service of this Complaint.  If Defendants fail to pay the sums due under the Lease and Personal Guaranty within ten (10) days after the date of service of this Complaint, they shall be liable for attorneys' fees at the statutory rate, in addition to sums due under the Lease and Personal Guaranty.

20.    Defendants' failure to pay all sums due under the Lease and Personal Guaranty is in bad faith, constitutes stubborn litigiousness, and caused Plaintiff unnecessary trouble and expense, thereby entitling Plaintiff to recover its expenses of litigation, including attorney's fees and costs pursuant to O.C.G.A. § 13-6-11.

## <u>COUNT II – UNJUST ENRICHMENT</u>

21.    The allegations of paragraphs 1 through 18 of this Complaint are incorporated herein by this reference as if set forth fully herein.

22.    Defendants had exclusive use and possession of the Equipment without making any payments from February to June 2019.

23.    Defendants would not have had such use or possession of the Equipment absent the efforts and involvement of Plaintiff.

24.    Defendants have not provided to Plaintiff the full value of its use and

possession of the Equipment due to the above-mentioned failure to make the payments required by the Agreement.

25.    Further Defendants damaged the Equipment and the value of the Equipment diminished during Defendants use of same.

26.    Defendants are therefore indebted to Plaintiff.

27.    Plaintiff reasonably relied upon Defendants promises to make the payments under the Lease for the use and possession of the Equipment.

28.    It would be unjust to allow Defendants to fail to fully compensate Plaintiff for the use and possession of the Equipment.

29.    Plaintiff is entitled to damages against Defendants based on unjust enrichment for all amounts owed under the Lease and Personal Guaranty as set forth above.

30.    The failure of Defendants to pay all sums due under the Lease and Personal Guaranty is in bad faith, constitutes stubborn litigiousness, and has caused Plaintiff unnecessary trouble and expense, thereby entitling Plaintiff to recover its expenses of litigation, including attorneys' fees and costs pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, as follows:

(a) On Count I in the principal amount of $323,400.00, plus accrued interest as of

September 15, 2021 in the amount of $118,497.30, together with interest accruing thereafter at the default rate of 18% per annum until paid in full, plus costs of this lawsuit, and costs of repairs of the Equipment in the amount of $12,936.48;

(b) On Count II for an amount to be proven at trial, plus the costs of this lawsuit;

(c) For attorneys' fees and expenses of litigation pursuant to the Lease and Personal Guaranty and O.C.G.A. § 13-1-11;

(d) For post-judgment interest at the Default Rate owed on the Lease and Personal Guaranty pursuant to O.C.G.A. § 7-4-12(b); and

(e) For all court costs and expenses of litigation and enforcing its rights under the Lease and Personal Guaranty.

This 28th day of January, 2022.

**ROGERS LAW OFFICES**

By: *  /s/Beth E. Rogers*
Beth E. Rogers
Georgia Bar No. 612092
James F. F. Carroll
Georgia Bar No. 940350
9040 Roswell Road, Suite 205
Atlanta, GA 30350
770-685-6320 phone;
678-990-9959 fax
brogers@berlawoffice.com
*Attorneys for Plaintiff*

7

| **CONSERV EQUIPMENT LEASING, LLC**<br>5202 Centennial Blvd. #113, Nashville, TN 37209 | **Equipment Lease Contract (FMV)**<br>**Lease No. 2018081001** |
|---|---|

**LESSEE**

Company Name (Exact business name): GA-Graystone, LLC

Address:   2053 Mozelle Drive                    Marietta              Cobb              GA        30062
                    Street                                 City                     County           State       Zip
Phone:  (404) 660-5458     Fax:                  [ ] Corp.   [ X ] Limited Liability Corp.   [ ] Partnership   [ ] Sole Prop.

Equipment Location:   2053 Mozelle Drive, Marietta, GA, 30062          State of Incorporation/Organization:   GA

Vendor:   REFINANCE                                                         ("Vendor") (NOT AFFILIATED WITH LESSOR)
Address:

**DESCRIPTION OF LEASED EQUIPMENT (Include make, model and serial number. Attach schedule if necessary.) *MUST BE COMPLETED***

Description: KPI-JCI FT2650 Track Mounted Jaw Crusher S/N: 413148

Equipment Cost:  $293,250.00

| Lease Term: 39 months from the First Monthly Rent Date.<br><br>Each Monthly Rent following the Initial Rent shall be due on the 15th day of each month beginning September 15th, 2018. (First Monthly Rent Date). | **Rent Payments:**<br><br>1.  Initial Rent   $ .00<br>    Tax Due       $ .00<br>    Documentation Fee   $ .00<br>    Total due on signing   $ .00<br><br>1.  Monthly Rent $10,000.00 from 9/15/2018 to the end of the Term.<br><br>You will pay any applicable taxes in addition to the Rent payments set forth above |
|---|---|

This Equipment Lease Contract (the "Lease") has been written in "Plain English". When we use the words you or your in the Lease we mean the Lessee, as shown above. When we use the words we, us and our in this Lease, we mean Conserv Equipment Leasing, LLC, the Lessor. DO NOT SIGN IF YOU DO NOT UNDERSTAND YOUR OBLIGATIONS OR LIABILITIES UNDER THIS LEASE.

1.     You want to acquire the equipment described above ("Equipment") from the Vendor for the Equipment Cost as evidenced by the Vendor's invoice. You want us to buy the Equipment and lease it to you. The term of this Lease commences on the date that you accept delivery of the Equipment noted above which shall be conclusively presumed to occur on the earliest of: (a) five (5) business days after the delivery of the first item of Equipment to you, (b) the date when we determine that you first use any item of Equipment, or (c) the date of the Acceptance Certificate for the Equipment. You will pay installation and delivery costs. You agree to pay us monthly Rent ("Rent"), in advance, for each month or any part thereof that this Lease is in effect. The Initial Rent payment shall be paid on the date this Lease commences followed by monthly Rent In the amount and for the Lease Term stated above. **YOUR OBLIGATION TO PAY THE RENT PAYMENTS AND OTHER AMOUNTS DUE UNDER THIS LEASE IS ABSOLUTE AND UNCONDITIONAL AND SHALL CONTINUE IN FULL FORCE AND EFFECT REGARDLESS OF ANY DEFECT IN THE EQUIPMENT, ANY INABILITY TO USE THE EQUIPMENT OR ANY OTHER CIRCUMSTANCE WHATSOEVER AND IS NOT SUBJECT TO CANCELLATION, REDUCTION, SETOFF OR COUNTERCLAIM. THE INITIAL RENT PAYMENT IS (a) DEEMED EARNED ON EXECUTION OF THIS LEASE, (b) A MATERIAL INDUCEMENT TO OUR EXECUTION AND PERFORMANCE AND INCLUDES CONSIDERATION FOR, AMONG OTHER THINGS, OUR AGREEMENT TO EXTEND CREDIT TO YOU AND PUT THIS LEASE INTO EFFECT AND (c) IS NOT SUBJECT TO PRORATION ON EARLY TERMINATION OF THE LEASE WHETHER BY CASUALTY OR OTHERWISE.** If we do not receive your Rent by its due date, there will be a late fee equal to the greater of $20.00 or 15% of the late amount (or, if less, the maximum amount allowable under applicable law). We may charge you an Interim Rent to cover the time between delivery and the due date for the first regular monthly Rent payment calculated on a per diem basis (1/30th of a Monthly Rent effective at the beginning of the Lease Term). You agree to pay the Documentation Fee set forth above to cover our costs related to documenting this Lease. You agree that this Lease may be executed, communicated, and retained electronically and a facsimile or other electronic version shall be admissible in court as conclusive evidence of your agreements. You agree to allow us to adjust the Rent amount above if the final Equipment cost varies from the amount the payment was based upon or if additional Interim Rent is due.

The Lease is subject to the additional terms and conditions on the pages that follow.

The undersigned warrants on behalf of the Lessee that he/she is an officer, member or general partner of the Lessee and is duly authorized to sign and bind the Lessee to the terms of this Lease and other documents related to the Lease and the Lessee is duly incorporated or organized, validly existing and in good standing under the laws of the State where incorporated or organized.

ACCEPTANCE OF LEASE AGREEMENT This is a binding contract. It cannot be cancelled. Read it carefully before signing and consult a lawyer if you have any questions. You may request a copy of this Lease in larger type before signing.

X _____           X _____
Conserv Equipment Leasing, LLC                 GA-Graystone, LLC

Printed Name of Signer: _____        Printed Name of Signer: _Michael K Gray_

Title: _____                Title: _Pres._

Date: _____                 Date: _8-13-2018_

**2.** If no Event of Default has occurred and is continuing you shall have the option to purchase all (but not less than all) Equipment at the end of the Lease Term, AS IS, WHERE IS and WITH ALL FAULTS for cash in an amount equal to the Fair Market Value of the Equipment ("Purchase Option"). For purposes of this Lease, "Fair Market Value" shall be an amount we reasonably estimate to be the price that a willing buyer (who is neither a lessee in possession nor a used Equipment dealer) would pay for such Equipment in an arm's-length transaction to a willing seller under no compulsion to sell assuming the Equipment is in the condition in which it is required to be maintained and returned under this Lease. No more than 180 days and no less than 30 days prior to the end of the Lease Term, you shall give us written notice of your intention to either return the Equipment to us or purchase the Equipment by exercising the Purchase Option amount. Provided you have given such timely notice, on or before the last day of the Term you shall, at your cost, return the Equipment to us in the condition required by Section 4 of this Lease (along with all maintenance records, repair orders, license plates, registration certificates, titles and all similar documentation) in a manner and to a location designated by us, or remit the Purchase Option amount. If you fail to so notify us or, having notified us, you fail to return the Equipment at the end of the Lease Term or you fail to remit the Purchase Option amount, the Lease term shall automatically renew for another three month period under the same terms and conditions as are described herein. We have no obligation to remind you of this renewal, except as required by applicable law.

**3.** **You alone selected the Vendor and the Equipment. You asked us to buy it. We are not related to the Vendor and we cannot get a refund, nor is the Vendor allowed to waive or modify any term of this Lease. The Lease cannot be canceled by you for any reason, even if the Equipment fails or is damaged and it is not your fault. WE ARE LEASING IT TO YOU "AS IS" AND WE MAKE NO (AND HEREBY DISCLAIM ANY AND ALL) EXPRESS OR IMPLIED WARRANTIES OF ANY KIND WITH RESPECT TO THE EQUIPMENT, INCLUDING, WITHOUT LIMITATION, WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE.** We hereby assign any Vendor or manufacturer warranties so long and there is no Event of Default. You may contact the Vendor to get a statement of those warranties the Vendor may have given us. You shall settle any dispute regarding the Equipment's performance directly with the Vendor. If any portion of the Equipment is software, you acknowledge that we do not own the software and we have no responsibilities as to it. You assign to us as security any rights you may have under any license but we assume none of your obligations. Any software that is part of the Equipment will be licensed to you by the owner with no reduction in Rent.

**4.** You are responsible for maintaining the Equipment. You agree, at your expense, to use, maintain and keep the Equipment: (a) in good operating order in the manner for which it was designed and intended; (b) SOLELY FOR YOUR BUSINESS PURPOSE and not for farming, consumer, personal, family or household purposes; (c) in accordance with manufacturer's recommendations; and (d) in compliance with all applicable laws, regulations and insurance requirements. You will only allow properly trained and, if applicable, licensed operators to operate the Equipment. We may inspect the Equipment (and all maintenance records, repair orders, license plates, registration certificates, titles and all similar documentation) any time during normal business hours. You agree to reimburse us for all costs incurred related to such inspections. You are responsible to provide all certificates of title for any vehicle to us within sixty (60) days from the commencement of the Lease at your expense. Maintenance shall be at least as good as for other Equipment owned, leased or otherwise operated by you and shall at all times maintain the highest possible value and utility of such Equipment, allowing it be used for its original intended purpose. You will not modify or alter any Equipment without our prior written consent excepting regular maintenance. Ownership of all attachments, additions or replacements is automatically transferred to us; provided that on return of the Equipment to us we may remove or require you to remove, in either case at your cost, any such attachments, additions or replacements and repair any damage to the Equipment resulting from installation or removal. The Equipment shall be based at and return on a regular basis to the location set forth above. The Equipment must remain in the continental United States at all times during the Lease Term. You must keep the Equipment free and clear of any and all liens, encumbrances, mortgages, security interests, pledges, charges or claims ("Liens") and will promptly, at your sole cost and expense, take such action as may be necessary or appropriate to discharge any such Lien except the respective rights of you and us under this Lease. You agree to promptly notify us in writing of any loss or damage to the Equipment. If we determine that any part of the Equipment is lost, stolen, destroyed or damaged beyond repair, you shall, at our option, (a) replace the same with like equipment in good repair, acceptable to us or (b) pay to us in cash the following ("Casualty Value") (i) all amounts due by you to us under this Lease up to the date of loss; (ii) the accelerated balance of the total amounts due for the remaining term of this Lease attributable to the Equipment, discounted to present value at the discount rate of two percent (2.0%) (the "Discount Rate") as of the date of loss; and (iii) our estimate of the Fair Market Value of the Equipment at the end of the term, discounted to present value at the Discount Rate of the date of loss. Upon our receipt of payment as set forth in this Section 4, you shall be entitled to the Equipment "AS IS, WHERE IS" without warranties.

**5.** At any time during the Lease Term, at our sole discretion, we, or our agent, may install GPS location monitoring devices on the Equipment. You agree that you shall immediately upon our request make the Equipment available to us for such installation. You will not disable or damage any GPS devices. Once installed, in addition to the Rent and any other amounts due hereunder, you will pay a monthly fee for each such GPS device to cover our costs plus monitoring fees paid to third parties.

**6.** **It shall be an "Event of Default"** if you do not pay us as agreed, fail to perform any other term of this Lease, breach any representation, covenant, conditions are warranties hereunder, if you or any guarantor of your obligations dies, becomes insolvent, files for or is the subject of a proceeding in bankruptcy, reorganization or any similar law or breaches or repudiates this Lease or the guaranty, if your primary business, ownership or management changes, or if you default on contracts with other persons, suffer a significant adverse change in your business or financial condition or otherwise give us good reason to believe you will be unable to perform this Lease. You agree that if an Event of Default has occurred and is continuing, we may, in our sole discretion, do any or all of the following, each of which shall be construed as cumulative, and no one of them as exclusive of the others: (a) proceed by appropriate court action or actions; (b) without further notice to you, terminate or cancel this Lease whereupon all of your rights to the use of the Equipment shall absolutely cease and terminate, and you shall deliver possession of the Equipment to us in accordance with Section 2 hereof and you shall remain liable as herein provided; (c) whether or not this Lease is terminated, take possession of any or all of the Equipment wherever situated, and for such purpose, enter upon any premises without liability for so doing; (d) sell, dispose of, hold, use or lease (in full or partial satisfaction as the case may be) the Equipment; (e) declare the entire unpaid rent and other obligations (including our estimate of the Fair Market Value of the Equipment at the end of the term), discounted to present value at the Discount Rate immediately due and payable plus interest thereon at a rate of interest equal to one and one half percent (1.5%) per month, to be due and payable, as liquidated damages for loss of bargain and not as a penalty; (f) directly debit your bank account(s); and (g) exercise any other right, remedy, election or recourse provided for in this Lease or which is available to us in law or equity. You agree that an Event of Default under any Lease shall constitute an Event of Default under all Leases you have with us.

**7.** We will have title to the Equipment at all times. This is a "true lease" and not a loan or installment sale. If this Lease is held by a court not to be a "true lease," you hereby (a) grant us a security interest in the Equipment, and (b) if the interest portion of the payments hereunder exceeds the maximum rate permitted by applicable law the payments shall be reduced so that the interest portion is the highest rate permitted by applicable law, with any excess applied to your obligations to us or refunded if no obligations remain. The Equipment shall remain personal property and not become a fixture. You grant us power of attorney, and hereby authorize us to file UCC financing statements as we deem necessary or desirable to protect our interest, and we may charge you a fee to cover documentation and other costs. You also agree this is or we will have the benefits of it as if it were a "finance lease" under Article 2A of the Uniform Commercial Code ("UCC"). You waive all rights and remedies you may have under the UCC, including those in Sections 2A-508 through 2A-522, to the extent permitted by law.

Initial: _[signature]_

**8.** We will file all returns and you will or pay us for and indemnify us against for all sales, use, property and other taxes and administrative charges relating to the leasing, ownership, purchase or use of the Equipment, including licensing and registration fees, (Federal) Heavy Vehicle Use Taxes and operating permits and tolls, including penalties and interest. Provided however on our request you will file such returns and pay the applicable taxes directly to the taxing authority. We will be entitled to all tax benefits ("Tax Benefits") (such as depreciation, tax credits, etc...). You agree to indemnify and pay us for any loss of these Tax Benefits, and interest and penalties, by paying an amount that causes the after-tax return and cash flows under this Lease to be the same if the loss had not occurred. These obligations to pay and indemnify shall continue even after the Lease has ended. State sales and use taxes, where applicable, will be added to all billings unless lessee provides a fully executed state exemption certificate and/or any equivalent documentation required by state law. Lessor retains the right to question any exemption documentation provided by lessee and to continue billing the applicable sales or use tax until reasonably satisfied that the exemption is justified. Lessee certifies that the subject property qualifies for the claimed exemption due to its nature and use. Accordingly, lessee will be solely responsible for any sales or use tax liability arising from a state's disallowance of the exemption. Should the applicable state law require assessment of such liability against the lessor, lessee will reimburse lessor in full for all costs incurred, including but not limited to taxes, interest, and penalties paid; related legal fees; and costs of contesting the assessment.

**9.** You accept all risks of loss and damage to the Equipment. You shall: (a) keep the Equipment insured against all risks in amounts specified by us from time-to-time but in no event less than the greater of replacement value (special form replacement insurance) or the Casualty Value; and (b) at all times carry commercial liability insurance in amounts satisfactory to us but in no event less than $1,000,000.00. All insurance shall be in form and with insurance companies satisfactory to us and we must be named loss payee and additional insured on all such insurance policies. All such insurance policies shall provide for the giving of thirty (30) days notice to us prior to any material alteration or cancellation thereof. You hereby appoint us as your attorney in fact to make claim for, receive payment of, and do all acts necessary to collect the proceeds of such insurance. You shall provide us with acceptable certificates or other evidence of insurance that we request. If you fail to maintain the insurance required under this Lease we may, but are not required to, obtain coverage insuring our risk related to the Equipment and this Lease and you agree to pay the costs of such coverage on demand. The cost of such coverage may include profit to us.

**10.** You may not sell, transfer, assign, sublease, rent or otherwise transfer possession of any Equipment or any rights, title or interests in the Equipment or this Lease to anyone. We may sell or transfer our interests to another person or company, who will then have all of our rights but none of our obligations. Those obligations will continue to be ours. The rights we pass on to the new person or company will not be subject to any defenses, claims or set-offs you may assert against us.

**11.** You agree to defend, indemnify and hold us (and our officers, directors, employees, agents, and members, servants and any successors and assigns) harmless from and against: (a) all claims, demands, suits and legal proceedings arising out of or related to this Lease or any Equipment, including: (i) the actual or alleged manufacture, purchase, financing, ownership, delivery, rejection, non-delivery, possession, use, transportation, storage, operation, maintenance, repair, return or disposition of the Equipment; (ii) patent, trademark or copyright infringement; or (iii) any alleged or actual default by you ("Actions"); and (b) any and all penalties, losses, liabilities (including the liability of you or us for negligence, tort and strict liability), damages, costs, court costs and any and all other expenses (including attorneys' fees, judgments and amounts paid in settlement), incurred incident to, arising out of, or in any way connected with any Actions, this Lease or any Equipment. This indemnity shall continue even after the Lease has ended.

**12.** THIS AGREEMENT SHALL BE INTERPRETED, CONSTRUED AND ENFORCED IN ACCORDANCE WITH THE LAWS OF THE STATE OF TENNESSEE APPLIED WITHOUT GIVING EFFECT TO CONFLICT OF LAWS PRINCIPLES. YOU AGREE THAT ANY ACTION OR PROCEEDING INVOLVING THIS AGREEMENT MAY BE MAINTAINED IN THE STATE OR FEDERAL COURTS IN DAVIDSON COUNTY, TENNESSEE AND YOU CONSENT TO JURISDICTION THERE AND WAIVE ANY CLAIM OF INCONVENIENT VENUE. YOU WAIVE ANY RIGHT TO TRIAL BY JURY. You agree to pay our attorney's fees if we use an attorney to enforce our rights (whether or not in court). Any notice we give you will be deemed received on the day it is sent by e-mail or facsimile and otherwise 24 hours after the date posted or sent by courier. If any provision of this agreement is invalid, the remainder of this agreement shall remain in effect. Although you may not assign this agreement, it is binding on your heirs, successors and assigns and is to the benefit of our successors and assigns. You acknowledge that you have had an opportunity to review this agreement with counsel of your choice and it will not be interpreted against us because we drafted it. This Lease contains the entire agreement of the parties (THERE ARE NO ORAL AGREEMENTS REGARDING THE EQUIPMENT OR THIS LEASE) and may be not supplemented, amended or varied in any way except in a writing signed by the party agreeing to such change. You acknowledge that we are not a "merchant" under the UCC with respect to the Equipment leased under this Lease.

Initial: _M.G._

---

**PERSONAL GUARANTY Read carefully before signing and consult a lawyer if you have any questions.**

The undersigned ("Guarantor" whether one or more) hereby personally, unconditionally and jointly and severally (if more than one) guarantees payment and performance of all Rent and other obligations owed by the Lessee under this Lease and any other Leases. Guarantor agrees that the Lessor may extend, transfer and amend the Lease and Guarantor agrees to be bound by all such changes. Guarantor waives all notices, including notices of transfer, demand and default and all surety defenses. Guarantor agrees that the Lessor may proceed against Guarantor separately from the Lessee. Guarantor authorizes Lessor or its designee to obtain and use consumer credit reports on Guarantor from time to time in its credit evaluation and collection processes. Guarantor agrees that the law of Tennessee applies to this guaranty and the Lease and consents to suit in the courts of the state of Tennessee and waives trial by jury.

| | |
|---|---|
| _Michael S. Gray_ | |
| GUARANTOR #1 (Print Name) | GUARANTOR #2 (Print Name) |
| x _Michael L. Gray_ _8-13-2018_ | x |
| Signature (Individually; No Titles)   Date | Signature (Individually; No Titles)   Date |

# ADDENDUM TO LEASE CONTRACT
# PARAGRAPH 9: INSURANCE

WE HAVE ENTERED INTO A VEHICLE LEASE WITH CONSERV EQUIPMENT LEASING, LLC. ("LESSOR") UNDER WHICH IT IS CONTEMPLATED WE WILL LEASE A:

**EQUIPMENT:**   KPI-JCI FT2650 Track Mounted Jaw Crusher S/N: 413148 |

UNDER THIS LEASE WE WILL BE RESPONSIBLE FOR PROVIDING PHYSICAL DAMAGE AND LIABILITY INSURANCE COVERING THIS PROPERTY. THE INSURANCE POLICY MUST LIST THE LESSOR AS FIRST LOSS PAYEE AND ADDITIONAL INSURED, AND INCLUDE A 30 DAY PRIOR WRITTEN NOTICE OF MATERIAL ALTERATION OR CANCELLATION. THIS CERTIFICATE OF INSURANCE SHOULD BE MAILED TO:

**CONSERV EQUIPMENT LEASING, LLC**
**PO BOX 92286**
**NASHVILLE, TN 37209**

AND PROVIDE THE FOLLOWING MINIMUM COVERAGES:

PRIMARY LIABILITY

$100,000 Per Person Bodily Injury
$300,000 Per Occurrence Bodily Injury
$ 50,000 Per Occurrence Property Damage

PHYSICAL DAMAGE

Cost of Vehicle: **$293,250.00**

GA-Graystone, LLC
　　LESSEE
Signed: _____
Title: _____
Date: 8-13-2018

CONSERV EQUIPMENT LEASING, LLC
　　LESSOR
By: _____
Title: _____
Date: _____

# Organizational Certificate – Lease

### Lease Agreement Number: ___2018081001___ (the "Lease")
### Lessee: ___GA-Graystone, LLC___ ("Lessee")

The undersigned hereby certifies that:
[ ]  **Corporation**: He or she is the Secretary of Lessee and a true and correct copy of the currently effective Bylaws of the Lessee is attached.
[ X ]  **LLC**: He or she is _____ the managing member or _____ they are all members of the Lessee and a true and correct copy of the currently effective Operating Agreement is attached.
[ ]  **LLP**: He or she is the General Partner of the Lessee and a true and correct copy of the currently effective Partnership Agreement of the Lessee is attached.

Lessee is duly incorporated or organized, validly existing and in good standing under the laws of the State of __GEORGIA__; and the following are true and complete resolutions duly adopted by Lessee's Board of Directors, Members, Partners, or other persons required or empowered by law or the Lessee's governing documents to authorize, approve or consent to the transactions contemplated ("Governing Parties") hereby:

RESOLVE, that we have determined that it is in the best interest Lessee to enter into the Lease with **Conserv Equipment Leasing, LLC** or its assigns ("Lessor") to (a) acquire the equipment (the "Equipment") described in the Lease, (b) incur the indebtedness and other obligations to Lessor, and (c) grant to Lessor a security interest in the Equipment and any or all other real or personal property of the Lessee all as contemplated by the Lease, and the execution, delivery and performance of the Lease all other documentation executed in connection therewith (jointly "Documents") are hereby authorized, ratified, confirmed and approved; FURTHER RESOLVED, that each of the officers of Lessee, including without limitation those officers who names and signatures appear below, is hereby authorized and empowered in the name and on behalf of Lessee to enter into, execute and deliver the Documents, and to perform all other actions required by Lessor in connection therewith, the execution, delivery and performance by such officer being conclusive evidence that all terms thereof are accepted and that such action is hereby authorized, ratified, confirmed and approved it being our intention as the Governing Parties of the Lessee to vest in the officers of Lessee the broadest possible authority permitted by law to carry out the intent of these resolutions.

| Name | Title | Signature |
|------|-------|-----------|
| _Michael J Gray_ | _Pres._ | _Michael J Gray_ |
| | | |
| | | |

DATED: _8-13-2018_

Signature: _____

Print Name: _____ Title: _____

Signature: _____

Print Name: _____ Title: _____

## ACCEPTANCE CERTIFICATE

**Lease Agreement Number:**   __2018081001__   (the "Lease")

**Lessee:**   __GA-Graystone, LLC__   ("Lessee")

I, acting on behalf of Lessee, acknowledge that I have personally inspected or caused to be personally inspected to my satisfaction all items of Equipment described in the Lease and that I am duly authorized on behalf of the Lessee to sign and bind the Lessee to the Lease. The Equipment has been received, inspected and installed (if applicable) to Lessee's satisfaction and is complete, operational and in good condition and working order and satisfactory in all respects and conforms to all specifications in the Lease and the supply contract or other agreement with the Vendor. Lessee hereby accepts the Equipment and acknowledges that the Lease Term commences on the Date of Acceptance stated below. Lessee further acknowledges that this Lease is NON-CANCELLABLE, ABSOLUTE AND IRREVOCABLE. Lessor will, and Lessee hereby authorizes Lessor to, purchase the Equipment in reliance on this Acceptance Certificate. Capitalized terms used herein shall have the meanings assigned to them in the Lease, except as the context shall require. Further, I certify that no Event of Default or event that with notice of lapse of time would become an Event of Default currently exists.

LESSEE:      GA-Graystone, LLC

By: _____

Printed Name: ____Michael S. Gray____

Title: ____Pres.____

Date of Acceptance: __8-13-__ , 201 8


Accepted by Lessor:

**Conserv Equipment Leasing, LLC**

By: _____

Name: _____

Date: _____

IN WITNESS WHEREOF, the parties hereto have caused this Amendment to be duly executed on the date and year set forth below.

LESSEE:

**GA-Graystone, LLC**

By: _____

Title: _____Pres._____

Date: _____8-13-2018_____

LESSOR:

**CONSERV EQUIPMENT LEASING, LLC**

By: _____

Title: _____

Date: _____

### GUARANTOR CONSENT

By execution below, each guarantor of Lessee's obligations (if any) consents to this Amendment, makes for its own part on the basis of its knowledge all representations and warranties set forth above and acknowledges and agrees that the amendments contemplated hereby are in such guarantor's best interest and to its financial benefit, serving as good, valuable and sufficient consideration for its consent.

GUARANTOR (If any):

By: _____

Title: _____Pres._____

Date: _____8-13-2018_____

Run Date: 06/25/20
Time: 08:21:39

Conserv Equipment Leasing, LLC
Payments History

Page: 1

| | |
|---|---|
| Lease Number : 2018081001 | Term : 39 |
| Lease Name : GA Graystone, LLC | Payment : 10000.00 |
| Description : 2000 KPI-JCI FT2650 Track Mounted Jaw Crusher | Tax Rate : 8.504 |

| | |
|---|---|
| Payment Start Date : 09/15/2018 | Original Balance : 390000.00 |
| Last Payment Date : 11/15/2021 | Payments Received : -60000.00 |
| Residual Due : 12/15/2021 | Non Cash Adjustments : -330000.00 |
| | Last Payments Received : 0.00 |
| | Remaining Balance : 0.00 |

| | |
|---|---|
| Original Residual : 29325.00 | Charges Assessed : 0.00 |
| Payments Received : -0.00 | Charges Paid : -0.00 |
| Non Cash Adjustments : -29325.00 | Non Cash Adjustments : -0.00 |
| Remaining Balance : 0.00 | Remaining Balance : 0.00 |
| Security Deposit : 0.00 | |

| Payment Date | Description | Reference | Check Amount | Payment Amount | Sales Tax | Non Cash Adjustment | Balance |
|---|---|---|---|---|---|---|---|
| 09/15/2018 | Payment Due | 1 | | 10000.00 | 850.40 | | 10850.40 |
| 09/15/2018 | Lease Payment | paydici_Pka8pbj | -10850.40 | -10000.00 | -850.40 | | 0.00 |
| 10/15/2018 | Payment Due | 2 | | 10000.00 | 850.40 | | 10850.40 |
| 10/15/2018 | Lease Payment | paydici_Pimenit | -10850.40 | -10000.00 | -850.40 | | 0.00 |
| 11/01/2018 | Lease Payment | paydici_Pc1fptv | -5425.20 | -5000.00 | -425.20 | | -5425.20 |
| 11/15/2018 | Payment Due | 3 | | 10000.00 | 850.40 | | 5425.20 |
| 11/15/2018 | Lease Payment | paydici_Pha83s1 | -5425.20 | -5000.00 | -425.20 | | 0.00 |
| 12/01/2018 | Lease Payment | paydici_Pv0lds7 | -5425.20 | -5000.00 | -425.20 | | -5425.20 |
| 12/15/2018 | Payment Due | 4 | | 10000.00 | 850.40 | | 5425.20 |
| 12/15/2018 | Lease Payment | paydici_P2epj2j | -5425.20 | -5000.00 | -425.20 | | 0.00 |
| 01/01/2019 | Lease Payment | paydici_Pmqw79l | -5425.20 | -5000.00 | -425.20 | | -5425.20 |
| 01/15/2019 | Payment Due | 5 | | 10000.00 | 850.40 | | 5425.20 |
| 01/15/2019 | Lease Payment | paydici_Pwfc54x | -5425.20 | -5000.00 | -425.20 | | 0.00 |
| 02/01/2019 | Lease Payment | paydici_Pjtx9gu | -5425.20 | -5000.00 | -425.20 | | -5425.20 |
| 02/15/2019 | Payment Due | 6 | | 10000.00 | 850.40 | | 5425.20 |
| 02/15/2019 | Lease Payment | paydici_Pad8r5i | -5425.20 | -5000.00 | -425.20 | | 0.00 |
| 03/15/2019 | Payment Due | 7 | | 10000.00 | 850.40 | | 10850.40 |
| 03/15/2019 | Lease Payment | paydici_P8wnype | -5425.20 | -5000.00 | -425.20 | | 5425.20 |
| 03/21/2019 | Lease Payment | paydici_Pz2wq6k | 5425.20 | 5000.00 | 425.20 | | 10850.40 |
| 04/15/2019 | Payment Due | 8 | | 10000.00 | 850.40 | | 21700.80 |
| 04/15/2019 | Lease Payment | paydici_Pdvpeld | -5425.20 | -5000.00 | -425.20 | | 16275.60 |
| 04/21/2019 | Lease Payment | paydici_Pe5kct5 | 5425.20 | 5000.00 | 425.20 | | 21700.80 |
| 05/15/2019 | Payment Due | 9 | | 10000.00 | 850.40 | | 32551.20 |
| 05/31/2019 | Payment Adjustment | | | | | -270089.62 | -237538.42 |
| 05/31/2019 | Residual Adjustment | | | | | -31818.80 | -269357.22 |
| 05/31/2019 | Payment Adjustment | | | | | -87973.58 | -357330.80 |
| 06/15/2019 | Payment Due | 10 | | 10000.00 | 850.40 | -87973.58 | -346480.40 |
| 07/15/2019 | Payment Due | 11 | | 10000.00 | 850.40 | -87973.58 | -335630.00 |
| 08/15/2019 | Payment Due | 12 | | 10000.00 | 850.40 | -87973.58 | -324779.60 |
| 09/15/2019 | Payment Due | 13 | | 10000.00 | 850.40 | -87973.58 | -313929.20 |
| 10/15/2019 | Payment Due | 14 | | 10000.00 | 850.40 | -87973.58 | -303078.80 |
| 11/15/2019 | Payment Due | 15 | | 10000.00 | 850.40 | -87973.58 | -292228.40 |
| 12/15/2019 | Payment Due | 16 | | 10000.00 | 850.40 | -87973.58 | -281378.00 |
| 01/15/2020 | Payment Due | 17 | | 10000.00 | 850.40 | -87973.58 | -270527.60 |
| 02/15/2020 | Payment Due | 18 | | 10000.00 | 850.40 | -87973.58 | -259677.20 |
| 03/15/2020 | Payment Due | 19 | | 10000.00 | 850.40 | -87973.58 | -248826.80 |
| 04/15/2020 | Payment Due | 20 | | 10000.00 | 850.40 | -87973.58 | -237976.40 |

Run Date:06/25/20
Time: 08:21:40

Conserv Equipment Leasing, LLC
Payments History

Page: 2

| Payment Date | Description | Reference | Check Amount | Payment Amount | Sales Tax | Non Cash Adjustment | Balance |
|---|---|---|---|---|---|---|---|
| 05/15/2020 | Payment Due | 21 | | 10000.00 | 850.40 | -87973.58 | -227126.00 |
| 06/15/2020 | Payment Due | 22 | | 10000.00 | 850.40 | -87973.58 | -216275.60 |
| 07/15/2020 | Payment Due | 23 | | 10000.00 | 850.40 | -87973.58 | -205425.20 |
| 08/15/2020 | Payment Due | 24 | | 10000.00 | 850.40 | -87973.58 | -194574.80 |
| 09/15/2020 | Payment Due | 25 | | 10000.00 | 850.40 | -87973.58 | -183724.40 |
| 10/15/2020 | Payment Due | 26 | | 10000.00 | 850.40 | -87973.58 | -172874.00 |
| 11/15/2020 | Payment Due | 27 | | 10000.00 | 850.40 | -87973.58 | -162023.60 |
| 12/15/2020 | Payment Due | 28 | | 10000.00 | 850.40 | -87973.58 | -151173.20 |
| 01/15/2021 | Payment Due | 29 | | 10000.00 | 850.40 | -87973.58 | -140322.80 |
| 02/15/2021 | Payment Due | 30 | | 10000.00 | 850.40 | -87973.58 | -129472.40 |
| 03/15/2021 | Payment Due | 31 | | 10000.00 | 850.40 | -87973.58 | -118622.00 |
| 04/15/2021 | Payment Due | 32 | | 10000.00 | 850.40 | -87973.58 | -107771.60 |
| 05/15/2021 | Payment Due | 33 | | 10000.00 | 850.40 | -87973.58 | -96921.20 |
| 06/15/2021 | Payment Due | 34 | | 10000.00 | 850.40 | -87973.58 | -86070.80 |
| 07/15/2021 | Payment Due | 35 | | 10000.00 | 850.40 | -87973.58 | -75220.40 |
| 08/15/2021 | Payment Due | 36 | | 10000.00 | 850.40 | -87973.58 | -64370.00 |
| 09/15/2021 | Payment Due | 37 | | 10000.00 | 850.40 | -87973.58 | -53519.60 |
| 10/15/2021 | Payment Due | 38 | | 10000.00 | 850.40 | -87973.58 | -42669.20 |
| 11/15/2021 | Payment Due | 39 | | 10000.00 | 850.40 | -87973.58 | -31818.80 |
| 12/15/2021 | Residual Due | | | 29325.00 | 2493.80 | -87973.58 | 0.00 |
| | | | -65102.40 | -60000.00 | -5102.40 | -389882.00 | 0.00 |

# ROGERS LAW OFFICES

The Equitable Building
100 Peachtree Street
Suite 1950
Atlanta, Georgia 30303

Exhibit C

Beth E. Rogers                        Phone:  770-685-6320
Attorney at Law                      Fax:       678-990-9959                brogers@berlawoffice.com

July 27, 2020

<u>VIA EMAIL AND REGULAR U.S. MAIL</u>
David Metzger
<u>dmetzger@williamsteusink.com</u>
309 Sycamore Street
Decatur, Georgia  30030

> (a)  That certain Equipment Lease Contract dated August 13, 2018, executed by GA-Graystone, LLC ("Graystone") to Conserv Equipment Leasing, LLC ("Conserv" or "Plaintiff") for the lease of that certain KPI-JCI FT2650 Track Mounted Jaw Crusher S/N: 413148 (the "Equipment"), and the Guaranty of same executed by Michael Donald Gray ("Gray")(collectively, Graystone and Gray are referred to herein as the "Obligors")(collectively, the "Lease").

Dear David:

As you know, this firm represents Conserv Equipment Leasing, LLC ("Conserv" or "Plaintiff") with respect to the above-referenced matter.

The purpose of this letter is to give notice that, to the extent Plaintiff, in the course of performance or execution of the above-referenced Lease, has departed from the terms of the Lease, or received money under such departure, notice is hereby given in accordance of O.C.G.A. § 13-4-4 of Plaintiff's intent to rely on the exact terms of the above-referenced Lease.  NOTICE IS HEREBY GIVEN THAT PLAINTIFF REQUIRES STRICT COMPLIANCE WITH THE LEASE. As the Lease has been accelerated, Obligors have 30 days to comply with their obligations pursuant to the Lease by paying all amounts due under the Lease by August 26, 2020.  You may obtain a payoff figure for the balance owed on the Lease by contacting the undersigned.

Moreover, nothing herein is a waiver of any of Plaintiff's rights and remedies against Obligors, all of which are specifically preserved and reserved. Plaintiff further intends to continue to pursue all its rights and remedies against Obligors unless and until Obligors fully comply with the Lease by paying all amounts due thereunder.

Sincerely,

*/s/James F. F. Carroll*

James F. F. Carroll

ID# 2022-0012470-CV
⚖ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
COBB COUNTY, GEORGIA

**19107418**

Jason D. Marbutt - 67
JAN 27, 2022 06:05 PM

Connie Taylor, Clerk of Superior Court
Cobb County, Georgia

## IN THE SUPERIOR COURT OF COBB COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| CONSERV EQUIPMENT LEASING, LLC | **)** |
| | **)** |
| Plaintiff, | **)** |
| | **)** CIVIL ACTION FILE |
| v. | **)** NO. 19107418 |
| | **)** |
| GA-GRAYSTONE, LLC and | **)** |
| MICHAEL DONALD GRAY | **)** |
| | **)** |
| Defendants. | |

## <u>VOLUNTARY DISMISSAL WITHOUT PREJUDICE</u>

COMES NOW, Plaintiff Conserv Equipment Leasing, LLC by and through its undersigned

counsel, and pursuant to O.C.G.A. §§ 9-11-41(a)(1)(A) and 9-2-61 hereby files this its Voluntary

Dismissal Without Prejudice and dismisses its claims against Defendants in this action WITHOUT

PREJUDICE.

Respectfully submitted this 27th day of January, 2022.

**ROGERS LAW OFFICES**

*/s/ James F. F. Carroll*
Beth E. Rogers
Georgia Bar No. 612902
James F. F. Carroll
Georgia Bar No. 940350
9040 Roswell Road, Suite 205
Atlanta, GA 30350
770-685-6320 phone
678-990-9959 fax
brogers@berlawoffice.com
jcarroll@berlawoffice.com
*Attorneys for Plaintiff*

1

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this date served a true and correct copy of the within and foregoing **Plaintiff's Voluntary Dismissal Without Prejudice** upon the following by having a copy of same placed in the United States Mail with sufficient postage affixed thereto and properly addressed as follows:

GA-Graystone, LLC
Michael Gray
2053 Mozelle Drive
Marietta, GA 30062

Dated: January 27, 2022.

*/s/James F. F. Carroll*
James F. F. Carroll
Georgia Bar No. 940350
*Attorney for Plaintiff*

2

# Nasser Heavy Equipment, Inc

# Invoice

525 Hurricane Shoals Rd NE
Lawrenceville GA 30046

Phone #  770-995-6663

| Date | Invoice # |
|---|---|
| 3/17/2020 | 200538 |

**Bill To**

ConServ Equipment Leasing
5202 Centennial Blvd
Suite 113
Nashville, TN  37209

| Sales Rep | SBJ |
|---|---|
| Terms | Due on receipt |
| P.O. No. | |

| Item | Quantity | Description | Rate | Amount |
|---|---|---|---|---|
| Other Parts Sales | 1 | 1 1/2 X 60"X10" WELDIN CUTTING EDGE | 375.00 | 375.00 |
| Other Parts Sales | 6 | 1258406 WELDON TOOTH ADAPTER | 45.00 | 270.00 |
| Other Parts Sales | 6 | 7T3402 BUCKET TOOTH | 36.00 | 216.00 |
| Other Parts Sales | 6 | 1167408 RETAINER | 12.00 | 72.00 |
| Other Parts Sales | 6 | 1167409 TOOTH PIN | 9.00 | 54.00 |
| Other Parts Sales | 1 | 5/8X4X8 SHEET METAL FOR BUCKET REPAIR | 325.00 | 325.00 |
| Other Parts Sales | 4 | 20Y428250 STICK AND BUCKET LINK BUSHINGS | 125.00 | 500.00 |
| Other Parts Sales | 6 | 20Y428251 DUST SEAL | 15.00 | 90.00 |
| Other Parts Sales | 2 | 20Y428242 BUCKET PIN | 235.00 | 470.00 |
| Labor - Customer | 1 | WELD AND REPAIR BUCKET,REPLACE BOTTOM SKIN,REPLACE WEAR STRIPS,WELD IN NEW CUTTING EDGE,WELD ON NEW TOOTH ADAPTERS,INSTALL NEW TEETH,PINS AND RETAINERS,WELD AND ALIGNBORE STICK | 1,500.00 | 1,500.00 |

| | |
|---|---|
| **Total** | $8,222.00 |
| **Payments/Credits** | $0.00 |
| **Balance Due** | $8,222.00 |

Jennifer Waugh

**From:** Trey Miller
**Sent:** Monday, July 20, 2020 6:40 AM
**To:** Robert Brown
**Cc:** Scharlene Galloway; Jennifer Waugh
**Subject:** Re: CONSERV CAPITAL - F41801

*Scan —*

I approve

Get Outlook for iOS

**From:** Robert Brown <rbrown@conservcapital.com>
**Sent:** Monday, July 20, 2020 6:36:45 AM
**To:** Trey Miller <tmiller@conservcapital.com>
**Cc:** Scharlene Galloway <sgalloway@conservcapital.com>; Jennifer Waugh <jwaugh@conservcapital.com>
**Subject:** Fwd: CONSERV CAPITAL - F41801

Trey,

This is the invoice for the belt. I didn't get it till yesterday. Can you approve this so that we can get a check cut? They are wanting the check later this morning.

Thank you

Robert Brown
Conserv Capital
615-969-9655

Begin forwarded message:

> **From:** Allen Combs <alcombs@ddbeltservice.com>
> **Date:** July 19, 2020 at 2:22:47 PM CDT
> **To:** Robert Brown <rbrown@conservcapital.com>
> **Subject:** CONSERV CAPITAL -  F41801

Please see order details below.  Thank you for your business.

Regards,
**Allen Combs**
*Sales Operations Specialist, Conyers GA*
**Sparks Belting Company, Inc.**
Branch:+1-800-799-0116
Phone:+1-800-451-4537 ext. 33237
Mobile: 404-863-4584
www.sparksbelting.com
www.ddbeltservice.com

**S SPARKS**
A JSJ Business

*D+D Belt Service*
*1981 Gees Mill Rd*
*Conyers, GA 30013*
*pd $6,205.03*
*7/20/20*
*CK# 2098*

*Repairs to*
*end*
*Lg Jaw Crusher*
*GA Greystone*

Scanned_____
QuickBooks_____
Turbo Lease_____
Aspire_____

1



  

**From:** customerservice@sparksbelting.com <customerservice@sparksbelting.com>
**Sent:** Thursday, July 16, 2020 3:21 PM
**To:** Allen Combs <alcombs@ddbeltservice.com>
**Subject:** [ECA] CONSERV CAPITAL New SO entered in your Territory D41! F41801

# Sparks Belting Company

### A JSJ Business

| | | | |
|---|---|---|---|
| Grand Rapids, MI | Hammond, IN | Seattle, WA | Denver, CO |
| Cleveland, OH | Los Angeles, CA | Charlotte, NC | |
| Fairfield, NJ | York, PA | Monterry, MX | |

www.sparksbelting.com
**Phone: 800-451-4537   Fax: 800-338-2358**
**Email:** customerservice@sparksbelting.com

<u>Sparks Sales Order Acknowledgement</u>

**Sales Order Nbr: F41801**

Date of Order: 07-16-20

Cust Ord Nbr:  TBD

Order Type:  STD


Bill To: 255589
CONSERV CAPITAL
PO BOX 92286

NASHVILLE, TN  37209


Ship To: 255589*1
CONSERVCAPITAL
1619 NEW SALEM RD
MURFREESBORO, TN  37128


Contact:
Contact Email:
Contact Phone:

```
Ln   Part
No   Number                              Ship Date   UM    Qty   Unit Price   Ext
Price

   1 4839S41-1317|41                      07-20-
20      EA     1.000     2715.030    2,715.03
       48" 3PLY330 SBR 1/4X1/16
       Part Reference: 4839S41
       End Treatment: Open ends
```

2

```
91' 7.000" X 48.000"
97 FT (91FT - 7IN) X 48 IN
WIDE 3 PLY 1/4 X 1/16 SBR
Customer Tag Nbr:

    2  INST10328|41                        07-20-
20       EA    1.000   3490.000    3,490.00
         Belt Install 07-17-20
         Install Time: 9 AM
         VULCANIZE IN MURFREESBORO
         Customer Tag Nbr:

         Change Order Number:
         Special Instructions:



Freight Terms: Installation
Ship Via:Installation


Sales Rep: D41 D&D Belt Service
                                   Order Total    $6,205.03
```

**Trey Miller**

From:       Joist Payments via WePay <support@wepay.com>
Sent:       Tuesday, October 01, 2019 8:06 PM
To:         Trey Miller
Subject:    Payment confirmation

# JOIST Paym

You've made a $500.00 payment to AJ Services.

This charge will appear on your statement as "WPY*AJ Services"

Invoice #1152

To opt out of these notifications please go here

2016092 9010 1

deposit



1

# INVOICE



**Conserv Capital**
5202 Centiennal Blvd.
Nashville, TN 37209

(270) 577-5435

**AJ Services**

220 Cooper Rd.
Blythewood, Sc 29016

Phone: (803) 467-0428
Email: ajservices803@gmail.com

| | |
|---|---|
| Payment Terms | Due upon receipt |
| Invoice # | 001154 |
| Date | 10/04/2019 |
| PO # | FT2560 |

| Description | Quantity | Rate | Total |
|---|---|---|---|
| Mechanic/Welding | 23.0 | $65.00 | $1,495.00 |

*Inspect machine, notify Robert of concerns and issues. Remove conveyor belt and inspect bottom roller and bearings.
*Remove and replace both bottom bearings.
* Build new mounting plate for bearing and roller.
* Straighten out bearing mount arm.
*Straighten roller lugs out the best they will without causing more damage.
*Install new conveyor belt.
* Adjust tension and drive roller.
*Train/align belt to the best isn't going to get.

| | |
|---|---|
| **Subtotal** | $1,495.00 |
| **Total** | **$1,495.00** |

**Payments Summary**

| | |
|---|---|
| 10/04/2019 - Online Credit Card | $1,495.00 |
| **Paid Total** | **$1,495.00** |
| **Remaining Amount** | **$0.00** |

**Notes:**

Jaw Crusher FT2650
Serial #413148

201609290101



Page 1 of 2



**APPLIED**
Industrial Technologies®

APPLIED IND TECH - DIXIE, INC.
5340 MCEVER ROAD, SUITE H
FLOWERY BRANCH GA 30542-2843

2210

**Cash Invoice**

Phone: 770-967-1162
Fax: 770-967-1163

FID #: 34-0866258

| Bill-To: | | Account: C2210 | Invoice Date: 10/03/2019 | Reprint(00) | Invoice Number: 7017327867 | Page: 1/1 |
|---|---|---|---|---|---|---|

| Sales Order Number: 1512207195 | PO #: JEREMY CC / 10/3/2019 |
|---|---|
| | Req #: |

Bill-To:
CONSERVCAPITOL
PICK UP
5202 CENTENNIAL BLVD
NASHVILLE TN 37209

*Amex Q*
*Scanned*

SHIP-TO:                                Account: C2210
CONSERVCAPITOL
PICK UP CHAD
5202 CENTENNIAL BLVD
NASHVILLE TN 37209

*GA Graystone*

| Payment Terms: CREDIT CARD PAYMENT | | | Delivery Number: 3022764260 | Ship Date: 10/03/2019 | Ship Via: CUSTOMER PICKUP CUSTOMER PICK UP SAME DAY Carrier Acct #: |
|---|---|---|---|---|---|

Customer Signature

Accepted By :

Customer Contact:

Customer Contact Phone:

| Quantity | | | Manufacturer Part Number | PO Item # | UOM | Unit Price (USD) | Extended Price (USD) |
|---|---|---|---|---|---|---|---|
| Total Ordered | Back Order | Shipped | Customer Part Number | | | | |
| 2.000 | 0.000 | 2.000 | DODGE FCSCM300 **Description**: DODG_FCSCM300 emergency customer pick up at lithia springs warehouse Chad picked up  126182 FCSCM300 | | EA | 403.950 | 807.90 |

*413148*

| | SUBTOTAL (WITHOUT TAX) | 807.90 |
|---|---|---|
| | TAX | 56.55 |

| FOR ALL YOUR INDUSTRIAL PRODUCT AND SERVICE NEEDS, VISIT **WWW.APPLIED.COM** | **TOTAL IN WORDS**: EIGHT HUNDRED SIXTY-FOUR DOLLARS AND FORTY-FIVE CENTS | **TOTAL (USD)** | 864.45 |
|---|---|---|---|
| | *SEE SALES TERMS & CONDITIONS ON REVERSE* | *A LATE FEE OF 1.5% PER MONTH CAN BE ASSESSED* | |

Special Information:

---

**PLEASE RETURN THIS PORTION WITH YOUR PAYMENT**        *1042*

**BILL TO:**
CONSERVCAPITOL
PICK UP
5202 CENTENNIAL BLVD
NASHVILLE TN 37209

**REMIT TO:**
APPLIED INDUSTRIAL TECHNOLOGIES - DIXIE
1 APPLIED PLAZA
CLEVELAND OH 44115-5000

| CUSTOMER # C2210 | INVOICE DATE 10/03/2019 | INVOICE NUMBER 7017327867 | **AMOUNT DUE** $864.45 |
|---|---|---|---|

*Asset 201808I001*

C22102 70173278675 1 00000864454 00000864454 0